1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11   CHESTER LEE BLUM,                                  1:12-CV-01056 AWI GSA HC

12                              Petitioner,            FINDINGS AND RECOMMENDATION
                                                      REGARDING PETITION FOR WRIT OF
13            v.                                       HABEAS CORPUS

14
     PAUL COPENHAVER, Warden,
15
                                Respondent.
16   _____/

17
          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus
18
     pursuant to 28 U.S.C. § 2241.
19
                                        **BACKGROUND**[1]
20
          Petitioner is currently incarcerated at the United States Penitentiary in Atwater,
21
     California.  He challenges his 1994 sentence in the United States District Court for the Eastern
22
     District of Missouri for armed bank robbery.  He was sentenced under the Armed Career
23
     Criminal Act ("ACCA") based on a 1962 conviction.  Petitioner appealed to the Eighth Circuit
24
     Court of Appeals, and the judgment was affirmed.
25
          Petitioner states he also filed numerous post-conviction petitions for collateral relief.  He
26
     filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the
27

28
          _____
          [1] This information was derived from the petition for writ of habeas corpus.

                                              1

1 sentencing court, and the motion was denied.  Later he filed a petition for writ of mandamus in

2 the Eighth Circuit Court of Appeals, a petition for writ of habeas corpus in the United States

3 District Court for the Northern District of Nevada, a petition for writ of habeas corpus pursuant

4 to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania,

5 and a motion to file a successive § 2255 in the Eighth Circuit Court of Appeals.  All petitions

6 were denied.

7      Petitioner filed the instant petition for writ of habeas corpus on June 28, 2012.  Petitioner

8 argues that his prior conviction in 1962 was improperly used for purposes of the ACCA because

9 the 1962 conviction was determined to be unconstitutional in a 1974 case.

10 **DISCUSSION**

11      A federal prisoner who wishes to challenge the validity or constitutionality of his federal

12 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

13 under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also

14 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007);

15 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd

16 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the*

17 *sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally

18 attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant

19 to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d

20 at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

21      In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

22 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district

23 where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d

24 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir.

25 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37

26 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

27 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);Barden v. Keohane, 921 F.

28 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

1   "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a

2   federal prisoner may test the legality of his detention, and that restrictions on the availability of a

3   § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464

4   F.3d at 897 (citations omitted).

5          As Petitioner acknowledges, an exception exists by which a federal prisoner may seek

6   relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or

7   ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th

8   Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has

9   recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as

10  amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be

11  deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a

12  remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

13  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843

14  F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

15  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d

16  582 (9th Cir.1956).

17         There is little guidance on what constitutes "inadequate and ineffective" in relation to the

18  savings clause.  The Ninth Circuit has acknowledged that "[other] circuits, however, have held

19  that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner

20  may proceed under Section 2241) when the petitioner claims to be: (1) factually innocent of the

21  crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot'

22  at presenting this claim ." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954

23  (9th Cir.2000)); see also Stephens, 464 F.3d at 898. The burden is on the petitioner to show that

24  the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th

25  Cir.1963).

26         In this case, Petitioner is challenging the validity and constitutionality of his federal

27  sentence imposed by the United States District Court for the Eastern District of Missouri, rather

28  than an error in the administration of his sentence.  Therefore, the appropriate procedure would

1   be to file a motion pursuant to § 2255 in the Eastern District of Missouri, not a habeas petition

2   pursuant to § 2241 in this Court.

3          Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has

4   already filed a § 2255 motion and that motion has been denied.  However, a court's denial of a

5   prior § 2255 motion is insufficient to render § 2255 inadequate.  See Aronson v. May, 85 S.Ct. 3,

6   5 (1964).  In this case, it is clear Petitioner has had numerous unobstructed procedural

7   opportunities to present his claim, and in fact he has done so.  He states he presented the claim at

8   trial, on direct appeal, in his first § 2255 motion, and all subsequent petitions.  The fact that all

9   attempts to seek relief proved unsuccessful does not render Petitioner's § 2255 motion an

10  inadequate or ineffective remedy.

11         Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings

12  clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In

13  the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is

14  tested by the standard articulated by the United States Supreme Court in Bousley v. United

15  States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained

16  that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the

17  evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley,

18  523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this

19  issue by a preponderance of the evidence, and he must show not just that the evidence against

20  him was weak, but that it was so weak that "no reasonable juror" would have convicted him.

21  Lorentsen, 223 F.3d at 954.

22         In this case, Petitioner does not assert that he is factually innocent of the crime for which

23  he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite

24  qualifying prior "violent felony" convictions and, thus, he is actually innocent of being

25  designated a "Career Offender" based on his prior convictions for robbery.  Under the savings

26  clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which

27  he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d

28  at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually

1   innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7,

2   2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of

3   his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he

4   is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."),

5   adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007).

6   Therefore, the instant § 2241 petition does not fit within the exception to the general bar against

7   using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See

8   Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually

9   innocent may resort to Section 2241 when relief is not available under Section 2255 because the

10  petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding

11  that, although petitioner satisfied the requirement of not having had an "unobstructed procedural

12  shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813,

13  119 (1999) because the claim did not become available until Richardson was decided eight years

14  after his first Section 2255 motion had been denied and the claim did not satisfy the requirements

15  for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence

16  requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch

17  exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch

18  criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had

19  an unobstructed procedural shot at presenting that claim.'").

20          Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255

21  constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section

22  2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed

23  for lack of jurisdiction.

24                                  **RECOMMENDATION**

25          Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

26  corpus be DISMISSED as the petition alleges grounds not cognizable in a petition filed pursuant

27  to 28 U.S.C. § 2241.

28          This Findings and Recommendation is submitted to the United States District Court

1    Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

2    of the Local Rules of Practice for the United States District Court, Eastern District of California.

3    Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner

4    may file written objections with the Court.  Such a document should be captioned "Objections to

5    Magistrate Judge's Findings and Recommendation."  Failure to file objections within the

6    specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>,

7    951 F.2d 1153 (9th Cir. 1991).

8

9        IT IS SO ORDERED.

10       **Dated:**    **July 16, 2012**                    _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28